**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 12 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50305 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 5:17-cr-00166-PSG-1 |
| OMAR ERNESTO HERNANDEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Phillip S. Gutierrez, District Judge, Presiding

Argued and Submitted October 23, 2019
Pasadena, California

Before: KLEINFELD and CALLAHAN, Circuit Judges, and RESTANI,** Judge.

Omar Ernesto Hernandez ("Hernandez"), a citizen of the United States, was

convicted on three counts of transporting or moving three unlawfully-present

Mexican nationals, in contravention of 8 U.S.C. § 1324(a)(1)(A)(ii). He was

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

arrested after two U.S. Border Patrol agents stopped his vehicle approximately 70 miles north of the U.S.-Mexico border near Murrieta, California. Hernandez appeals the district court's denial of his motion to suppress the stop for lack of reasonable suspicion. We affirm.

The Court reviews the denial of a motion to suppress *de novo*. *United States v. Valdes-Vega*, 738 F.3d 1074, 1077 (9th Cir. 2013) (*en banc*). Reasonable suspicion determinations present mixed questions of law and fact, which the Court also reviews *de novo*. *United States v. Burkett*, 612 F.3d 1103, 1106 (9th Cir. 2010). Border Patrol agents may perform "brief investigatory stops" near an international border if they have a "reasonable suspicion to believe that criminal activity may be afoot." *United States v. Raygoza-Garcia*, 902 F.3d 994, 999 (9th Cir. 2018) (citing *United States v. Arvizu*, 534 U.S. 266, 278 (2002) (Scalia, J., concurring)). "Reasonable suspicion is defined as a particularized and objective basis for suspecting the particular person stopped of a criminal activity." *Id.* at 999–1000 (citation and quotation omitted). We evaluate "the totality of the circumstances" known to the Border Patrol agents at the time of the stop. *See Valdes-Vega*, 738 F.3d at 1079.

Preliminarily, we conclude that Hernandez preserved his legal arguments for our review, and the district court did not clearly err as to its factual findings. In

2

making the stop, the Border Patrol agents relied in part upon a text-based alert from an internal Border Patrol system, which advised them that Hernandez's vehicle was suspected of involvement in human smuggling. The agents then entered two queries in the TECS Alert System, an internal Customs & Border Protection database that includes certain information about, *inter alia*, suspicious persons and property who enter the United States. The queries revealed that the vehicle at issue, which was registered to Hernandez, crossed into the United States 100 miles away and five hours earlier, that Hernandez was alone at the time (although now he had three passengers), and that Hernandez and the vehicle were the subject of ongoing human smuggling investigations.

We have held previously that the existence of an active TECS alert at a port of entry, coupled with other indicia of criminality, may give rise to a reasonable suspicion that warrants referral to secondary inspection. *See United States v. Cotterman*, 709 F.3d 952, 968–69 (9th Cir. 2013) (*en banc*). While the TECS reports here revealed only ongoing investigations, not convictions, they also revealed facts about the time of entry and occupancy of the vehicle. Combined with the extended time taken to reach the point of interception on the interstate highway, a known route for smuggling, and abnormally slow and slightly weaving driving behavior, the reasonable suspicion standard was met. In reviewing reasonable suspicion

3

determinations, courts do not "nitpick the factors in isolation." *Id.* at 970. Instead, courts defer to the officers' sound, reasoned inferences based upon the cumulative, reliable information available to them at the time of the stop. *Valdes-Vega*, 738 F.3d at 1078.

**AFFIRMED.**